### JOSEPH JAMES *vs.* JOHN C. SPAULDING.

In an action for goods sold, delivered to a third person, and charged to him in the plaintiff's books of account, parol evidence is admissible to show that the goods were sold to the defendant, and were charged in this manner at the defendant's request.

ACTION OF CONTRACT to recover the value of lumber alleged to have been sold to the defendant, according to the account annexed, but delivered to Daniel Russell at the defendant's request. The account annexed was headed " Daniel Russell to Joseph James, Dr."

At the trial in the court of common pleas, the plaintiff produced in evidence his account books, and proved by his clerk

who kept them, that they were his regular books of account, that the clerk made the entries therein relating to said lumber; and that it had not been paid for. The plaintiff also put in evidence his order book, wherein a part of this lumber was entered by the clerk, at the time of the sale, under the head of " Mr. Russell's order." In these books, this lumber was all charged to Russell in the same manner as the lumber sold to other persons was charged to them, and without any mark or addition to indicate that it was not sold to Russell.

The plaintiff then offered to prove by parol testimony that this lumber was not sold to Russell, but to the defendant, and was charged to Russell at the defendant's request. The defendant objected to the evidence; but *Hoar*, J. admitted it. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*C. P. Judd*, for the defendant.

*S. B. Perry*, for the plaintiff.

THOMAS, J. The only question in this case was to whom the credit was originally given—to whom the sale was made. That was an issue of fact, and not of law. Upon that issue, the entries in the book of the plaintiff were competent and strong evidence, but not conclusive. Such entries are not written contracts, but the private memoranda of the party; becoming, under an exception to the general rules, with the aid of the suppletory oath of the party, competent evidence of sale and delivery.

The plaintiff offered to show that the entry was made in this mode at the defendant's own request. This did not contradict the entry; it but explained it. Had it been offered to show that the entry was erroneously made, we do not see that any legal exception could be taken to it. *Exceptions overruled.*